**Linda ETTINGER, on her own behalf and on behalf of all others similarly situated, Appellant,**

**v.**

**Donald E. JOHNSON, Director, Veterans Administration, Washington, D. C. and S W. Melidosian, Director, Veterans Administration Center, Philadelphia, Pennsylvania.**

**No. 74–2171.**

United States Court of Appeals, Third Circuit.

Argued April 28, 1975.

Decided June 18, 1975.

Bolger & Picker, Employment Discrimination Referral Project, Philadelphia, Pa., Bennett G. Picker and Craig Currie, Philadelphia, Pa., for appellant.

Robert E. J. Curran, U. S. Atty., Walter S. Batty, Jr., Asst. U. S. Atty., Chief,

Appellate Section, Paul E. Holl, Asst. U. S. Atty., Philadelphia, Pa., for appellees.

Before VAN DUSEN, ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges an August 20, 1974, order of the district court, which denied plaintiff Ettinger's motions for class designation and for leave to amend her complaint, and entered judgment on the first amended complaint in favor of the defendants.[1]

Ettinger was hired as a psychology technician, grade GS–5, by the Veterans Administration Center in Philadelphia, Pennsylvania (the Center) on May 5, 1970. She was promoted in December 1970 to grade GS–6.[2] Although she applied for promotions in March 1971 and April 1972, Ettinger was not promoted after December 1970. On November 17, 1972, Ettinger consulted an Equal Employment Opportunity Counselor at the Center,[3] alleging that she had encountered sex discrimination as a "continuing state of affairs" at the Center. The counselor construed Ettinger's allegations of sex discrimination as stating three specific complaints: (1) that she was discriminated against by being assigned to a GS–5 grade upon hiring; (2) that she was twice denied promotion because of her sex; and (3) that she was refused requested job training because of her sex. On December 6, 1972, after the counselor had investigated the facts relevant to each of these three complaints, he had a second interview with Ettinger. She advised him that she had just learned her work assignment was being changed and that she viewed this change as another instance of sex discrimination. The counselor, having investigated this latest charge, informed Ettinger at their final counseling session on December 8, 1972, that he found no basis "to her complaint that she had been discriminated against by reason of sex, either on a 'continuing' basis or at a single incident." Counselor's report of January 17, 1973, Document No. 4 in Civil No. 73–702, E.D.Pa. On December 18, 1972, Ettinger filed a formal complaint with the Center Director, Melidosian, alleging that she was subjected to "continuing" discrimination on the basis of sex. At an unspecified date after December 18, but within 15 days after the final counseling session, see 5 C.F.R. §§ 713.213(a) and 713.214(a)(1)(ii), the counselor apprised Ettinger that he questioned the timeliness of her resort to the counseling process and, therefore, of her formal complaint, "since the latest alleged act of discrimination mentioned at complainant's first session [on November 17] took place between 60–90 days previous," Document No. 4, *supra,* while the regulations require resort to a counselor within 30 days of an alleged discriminatory episode. 5 C.F.R. § 713.214(a)(1)(i). There is no indication that Ettinger knew of the 30-day limitation before this time.

Melidosian forwarded Ettinger's complaint to the Director of the Veterans Administration (VA), with the recommendation that it be rejected as untimely. This recommendation considered only the timeliness of the three complaints identified by the counselor as having been raised at the November 17 counseling session. No mention of the December 6 interview or of the allegedly

---

1. Memorandum and Order, Document No. 16, Civil Action No. 73–702 (E.D.Pa., Aug. 20, 1974). See also Memorandum, Document No. 20, Civil Action No. 73–702 (E.D.Pa., Sept. 5, 1974), denying Ettinger's motion to vacate the judgment of August 20.

2. GS ratings establish both salary levels and the job categories available to an employee.

When Ettinger was promoted to the GS–6 level, she retained the job classification of psychology technician. In August 1972, she was transferred to another section at the Center in a new job category—Claims Clerk—but remained at the GS–6 salary level.

3. See 5 C.F.R. §§ 713.213 and 713.214.

"continuing" nature of the discrimination was made.

On February 22, 1973, Ettinger received a letter from the VA's Acting Assistant General Counsel, who declined to act on her complaint due solely to its untimeliness. The letter went on to state:

"If you are dissatisfied with this final decision, you have the following appeal rights:

You may appeal to the Chairman, Board of Appeals and Review, U. S. Civil Service Commission, Washington, D. C. 20415, within 15 calendar days of receipt of the decision.

You may file a civil action in an appropriate U. S. District Court within 30 days of receipt of the decision.

If you . . . appeal to the Commission, a civil action in a U. S. District Court may be filed within 30 days of receipt of the Commission's final decision.

A civil action may also be filed anytime after 180 days of the date of initial appeal to the Commission if

there has not been a final decision rendered."[4]

Pursuant to this notice of the right to sue, Ettinger bypassed an appeal to the Civil Service Commission and timely filed a complaint in the district court,[5] see Barnes v. Chatterton, 515 F.2d 916 (3d Cir. 1975), on behalf of herself and others similarly situated. The complaint, as amended, alleged that the defendants engaged "in employment practices which favor male applicants and employees and discriminate against females by preferential hiring, transfer, promotion [and] job assignment . . .." The district court, concluding that Ettinger was not entitled to trial *de novo* of her claims, granted summary judgment for the defendants on the ground that the administrative determination of untimeliness was supported "by not only substantial, but also uncontroverted facts" in the administrative record.

Ettinger filed this timely appeal in which she argues that she is entitled to a trial *de novo* of her discrimination claims in the district court and that, in any event, her resort to the administrative process was not untimely.[6]

---

**4.** This right to sue notice is required by 5 C.F.R. § 713.282; the time limitations and prerequisites to filing suit are set forth at 5 C.F.R. § 713.281. Section 717(c) of Title VII, 42 U.S.C. § 2000e–16(c), and the Civil Service Commission's implementing regulations, 5 C.F.R. §§ 713.201, et seq., provide that an employee or applicant for employment who has filed an administrative complaint with his agency may file a civil action in federal district court in any of the following six basic circumstances:

(1) if 180 days have elapsed since the filing of the administrative complaint and the agency has not taken final action on the complaint (whether or not a hearing has been held); 42 U.S.C. § 2000e–16(c); 5 C.F.R. § 713.281(b);

(2) within 30 days of a rejection or cancellation of the complaint; 42 U.S.C. § 2000e–16(c); 5 C.F.R. § 713.215;

(3) within 30 days of receipt of notice of final agency action on the complaint without a hearing; 42 U.S.C. § 2000e–16(c); 5 C.F.R. §§ 713.217(b)(3), 217(c), 221(b)(1), 221(b)(3), 218(a);

(4) within 30 days of receipt of notice of final agency action on the complaint following a hearing; 42 U.S.C. § 2000e–16(c); 5 C.F.R. §§ 713.217(b)(2); 221(b)(2), 281(a);

(5) if 180 days have elapsed since the filing of an appeal from the final agency action (with or without a hearing) to the Civil Service Commission and the Commission has not taken final action on the appeal; 42 U.S.C. § 2000e–16(c); 5 C.F.R. §§ 713.231(a), 281(d); or

(6) within 30 days of receipt of notice of final Civil Service Commission action on an appeal from the final agency action (with or without a hearing); 42 U.S.C. § 2000e–16(c); 5 C.F.R. §§ 713.231(a), 281(c).
See note 7, *infra*.

**5.** See Memorandum and Order, Document No. 11, Civil Action No. 73–702 (E.D.Pa., Feb. 28, 1974).

**6.** Ettinger also asserts that, even if she is not entitled to a trial *de novo,* the case should be remanded to the district court "because the court abused its discretion in denying plain-

In Sperling v. United States, 515 F.2d 465 (3d Cir., filed 1975), this court decided that a federal employee who files an employment discrimination suit in the district court, pursuant to 42 U.S.C. § 2000e–16(c),[7] is entitled to a trial *de novo* of his claim.[7a] According to *Sperling*, then, we must remand this case to the district court for a trial de novo, unless we determine on this record that Ettinger, by failing to exhaust the administrative remedies available to her, has forfeited her right to resort to the district court.

"The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. See generally 3 K. Davis, Administrative Law Treatise § 20.01 et seq. (1958 ed., 1965 Supp.); L. Jaffe, Judicial Control of Administrative Action, 424–458 (1965). The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.' Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–51 [58 S.Ct. 459, 82 L.Ed. 638] (1938)."

McKart v. United States, 395 U.S. 185, 193, 89 S.Ct. 1657, 1662, 23 L.Ed.2d 194 (footnote omitted) (1969).

■ Although, as the *McKart* Court pointed out, the doctrine is "subject to numerous exceptions," *id.*, Love v. Pullman, 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), makes clear that the exhaustion doctrine is not rendered supererogatory merely by the availability of a trial *de novo* in the district court. The plaintiff in *Love* was a private sector employee who, like federal employees under *Sperling*, was entitled to a trial *de novo*. See, e. g., Alexander v. Gardner-Denver Co., 415 U.S. 36, 94 S.Ct. 1011, 39

tiff's motion to vacate judgment where such judgment was summary and was based on a 53 page 'administrative record' the presence of which on the district court record was unknown to plaintiff's counsel . . . .." Because of our disposition of the appeal, we need not reach this issue.

**7.** "(c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant."

**7a.** The parties have assumed that 42 U.S.C. § 2000e–16(c) applies to Ettinger's case. Yet only one instance of discrimination recognized by the counselor—the promotion denied in April 1972—occurred after the effective date of § 2000e–16, March 24, 1972. The other instances of discrimination alleged by Ettinger and identified by the counselor occurred before March 24, 1972. None of these instances were the subject of an administrative action pending on the effective date of § 2000e–16. *Sperling* held that § 2000e–16(c) applied retroactively "to actions where an administrative claim was pending at the time of [the statute's] enactment." See also Brown v. General Servs. Admin., 8 F.E.P.Cas. 1299 (2d Cir. 1974), cert. granted, 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476 (1975); Koger v. Ball, 497 F.2d 702 (4th Cir. 1974); Womack v. Lynn, 504 F.2d 267 (D.C.Cir.1974). The rationale of *Sperling* and the above-cited cases which reach the same conclusion is that the substantive right to be free of discrimination antedated the statute, which was merely "procedural and remedial in nature." *Sperling, supra*, at 473. See also 504 F.2d at 269, n. 5. This rationale suggests that § 2000e–16(c) would apply as well where discriminatory conduct giving rise to a cause of action antedated March 24, 1972, but no relief, either administrative or judicial, was sought until after that time. See 504 F.2d at 269, n. 6.

Of course, § 2000e–16(c) clearly applies to discriminatory episodes alleged to have occurred after March 24, 1972.

L.Ed.2d 147 (1974); McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Fekete v. U. S. Steel Corp., 424 F.2d 331 (3d Cir. 1970). Despite this access to the district court, the Court in *Love* stated that one "claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, [42 U.S.C. §§ 2000e to 2000e–15] may not maintain a suit for redress in federal court until he has first unsuccessfully pursued certain avenues of potential administrative relief." (Footnote omitted.)

▪ The requirement that federal employees must, generally, exhaust administrative remedies is also implicit in *Sperling's* conclusion that "it was Congress' intent to provide an aggrieved federal employee with as full a panoply of procedural remedies in the district court as those afforded a private sector litigant." At 481. Since dispensation from the exhaustion requirement would give federal employees greater access to the district courts than private sector litigants, the principle of equality of remedy expressed in *Sperling* mandates that federal employees also be required to exhaust their administrative remedies before suing in the district court. See also Penn v. Schlesinger, 497 F.2d 970 (5th Cir. en banc 1974), app. pending, 43 U.S. L.W. 3310 (Nov. 26, 1974); Robinson v. Klassen, 9 E.P.D. ¶ 9954 (E.D.Ark. Oct. 3, 1974).

With this background, we turn to the question whether Ettinger has exhausted her administrative remedies.

▪ Ettinger was under no duty to appeal the decision of the VA's General Counsel to the Civil Service Commission. *Sperling, supra* at 472–473, 475–476. She therefore runs afoul of the exhaustion doctrine only if she failed either to bring her complaints to the attention of the counselor within the time limits prescribed by 5 C.F.R. § 713.214(a)(1)(i),[8] or to raise in the administrative process the issues set forth in her amended complaint.[9] Because the record before us, though not barren, does not contain sufficient facts relevant to deciding either aspect of this exhaustion issue, we will remand the case to the district court for a hearing *de novo* on the question of exhaustion. At the hearing on remand, the district court may consider in the context of a more fully developed factual record Ettinger's argument that she complied with the relevant time limitations in seeking agency resolution of her claims both because she alleged continuing discrimination and because she apprised the counselor on December 6, 1972, of a discriminatory incident which had occurred less than 30 days before. Should the district court determine that Ettinger's recourse to the counselor was timely, it should proceed to trial *de novo* of those substantive allegations of discrimination set forth in the amended complaint and submitted to the VA for adjustment. If, however, the district court finds that Ettinger did not resort to the counselor within 30 days after an alleged episode of discrimination, it should proceed to decide whether this failure to exhaust can be excused on any

8. "(a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. . . . The agency may accept the complaint for processing in accordance with this subpart only if—

"(i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; and

"(ii) The complainant or his representative submitted his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor."

9. The Fifth Circuit has read the exhaustion requirement as barring from district court consideration issues which were not raised in administrative proceedings. Beale v. Blount, 461 F.2d 1133, 1140 (5th Cir. 1972). Absent unusual circumstances which would make it impossible for the employee to raise an issue in the administrative process, this Fifth Circuit rule is a sound one, which promotes the purposes of the exhaustion doctrine. See *McKart, supra* at 193–95, 89 S.Ct. 1657, 23 L.Ed.2d 194, for an exposition of these purposes.

ground, such as Ettinger's ignorance of the applicable limitation periods. Penn v. Schlesinger, 490 F.2d 700, 713 (5th Cir., 1973), dissenting opinion of Godbold, J., approved en banc at 497 F.2d 970 (5th Cir. 1974), app. pending, 43 U.S.L.W. 3310 (Nov. 26, 1974). See also *McKart, supra.* In this regard, the district court is free to decide Ettinger's assertion that she did not know of the time limitations and was accordingly entitled to have the limitations period extended by the VA, as provided in 5 C.F.R. § 713.214(a)(4).[10]

As this court noted in *Sperling, supra* at 481–482, summary judgment may well prove to be appropriate on remand if no genuine issues of fact appear. F.R. Civ.P. 56 applies to a trial *de novo* proceeding under 42 U.S.C. § 2000e–16(c), as it does to any other civil proceeding in the district court.

The judgment of the district court will, therefore, be vacated and the case remanded for proceedings consistent with this opinion.

ADAMS, Circuit Judge (concurring):

Although I have serious reservations regarding this Court's holding in Sperling v. United States[1] that federal employees are entitled to trials *de novo* in the district courts with respect to their allegations of employment discrimination and although some courts have raised questions whether, as the Court decided in *Sperling*, Section 717(c) of the Equal Opportunity Act of 1972[2] applies retroactively,[3] the *Sperling* decision now rep-

resents the law of this Circuit. Since the result reached by the majority here appears to be consistent with *Sperling,* I concur.

---

**10.** "(4) The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency."

**1.** 515 F.2d 465 (3rd Cir., 1975). *Compare* Salone v. United States, 511 F.2d 902 (10th Cir. 1975); Chandler v. Johnson, 515 F.2d 251 (9th Cir., Apr. 25, 1975); Hackley v. Johnson, 360 F.Supp. 1247 (D.D.C.1973), appeal docketed, No. 73–2072 (D.C.Cir., Sept. 7, 1973).

**2.** 42 U.S.C. § 2000e–16(c) (Supp.1975).

**3.** In deciding the retroactivity issue in *Sperling* the Court referred to a similar ruling by the Second Circuit in Brown v. General Services Administration, 8 F.E.P.Cas. 1299 (1974). See No. 74–1533 at 14 n. 30. The Supreme Court has granted certiorari in *Brown.* 421 U.S. 987, 95 S.Ct. 1989, 44 L.Ed.2d 476 (1975). The Sixth Circuit has held that section 717(c) is not retroactive. Place v. Weinberger, 497 F.2d 412 (6th Cir. 1974), cert. denied, 419 U.S. 1040, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).