Alexander CASEY

v.

Richard L. ROUDEBUSH, Administrator of Veterans Affairs and Robert E. Hampton, Chairman, Civil Service Commission.

Civ. No. T–74–1295.

United States District Court,
D. Maryland.

June 20, 1975.

Dennis W. Carroll, Jr., Baltimore, Md., for plaintiff.

Jervis S. Finney, U. S. Atty., and Virginia S. Draper, Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, District Judge.

On July 1, 1974, the Veterans Administration gave plaintiff, who had served 30 years in the Navy and had a good record, a "career-conditional appointment", subject to completion of a one year probationary period, as a Hospital Police Officer, assigned to the VA Hospital at Perry Point, Maryland.

On August 19, 1974, the Chief of Personnel Service at the Hospital handed plaintiff a letter bearing that date, ad-

dressed to plaintiff, headed "SUBJ: Termination During Probationary Period", which contained the four numbered paragraphs quoted below, each of which is followed by a comment of this court thereon.

"1. This is to inform you that your appointment as a Policeman, GS-5, at this hospital, is being terminated effective August 23, 1974 for the following reasons:

"On August 16, 1974, you reported for duty in an exceedingly intoxicated condition and were observed asleep during your tour of duty on that date."

This statement was based upon written reports of two fellow officers, contained in the record, who stated what they had observed. If true, the reports fully supported the stated reason for the termination of plaintiff's employment.

"2. As you know, at the time of your appointment you were advised that government regulations set aside the first year of your appointment as a probationary period to determine your fitness and qualifications for continued Federal employment. The welfare of the patients of this hospital is considered the primary duty of your position and, therefore, neglect of these duties can not be condoned."

The regulations referred to are 5 C.F.R. Chapter 1, Subpart H—Probation —§ 315.801, .802, .803, .804 and .805.

"3. Details concerning your performance record have been discussed with you. Additional information or clarification may be obtained by contacting your supervisor or Mrs. Jean A. Depew of the Personnel Service, Building 15."

Until this suit was filed, however, the Veterans Administration was unwilling to give plaintiff the names of the officers who made the reports.

"4. You may appeal this action to the U. S. Civil Service Commission, Philadelphia Region, U. S. Customhouse, Second and Chestnut Streets, Philadelphia, Pennsylvania 19106, at any time after receiving this notice of termination but no later than 15 calendar days after separation is effected. Such appeal may be made only on the grounds that the termination was based on discrimination because of race, age, color, religion, sex, or national origin; or was based on political reasons or marital status; or resulted from improper discrimination because of physical handicap."

This paragraph correctly stated plaintiff's appeal rights under 5 C.F.R. § 315.806.

Plaintiff filed such an appeal on August 29, 1974, which was dismissed. The Chief Appeals Officer stated:

"In view of the documents submitted, we find no evidence to support a conclusion that termination was based on political reasons not required by law, or resulted from improper discrimination because of race, color, religion, sex, marital status, national origin, or physical handicap. Since our review is limited to these factors, we further conclude that his appeal is not within the purview of Section 315.806 of the Civil Service Regulations. In light of the forgoing (sic) analysis, the appeal has been dismissed from further consideration. The agency action is sustained."

Plaintiff was notified of his further appeal rights; he did not pursue them, and this court finds that any further appeal would have been futile and unnecessary as a prelude to this suit.

After plaintiff's employment by the VA was terminated, there was placed in his permanent personnel file a Form SF 50, headed "Notification of Personnel Action". That form states as the nature of the action, "Termination during probation"; and, under the heading "Remarks", states only the following: "Due to reporting to duty on 08–16–74, in an intoxicated condition and were observed asleep during your tour of duty on that date". That file also contains the re-

ports upon which the termination of employment was based and the decision of the Civil Service Commission.

Six weeks after his employment by the VA was terminated, plaintiff obtained a generally similar job from a former employer who did not seek information from the government as to why plaintiff's employment had been terminated.

The VA and other federal agencies would have access to the personnel file if plaintiff again applies for employment by the government. See Federal Personnel Manual, Part 294, § 294.703(c), MP–5, Part 1, Chapter 290, § 6(e)(4).

Prospective private employers would not have access to the file, but in response to inquiries the VA would advise such prospective employers that plaintiff had been terminated during his probationary period because he "reported to work in an intoxicated condition and was observed asleep during his tour of duty". The quoted portion of the last sentence is taken from defendant's answer to plaintiff's interrogatory No. 33, which cites the Federal Personnel Manual and the Veterans Administration Manual.

Plaintiff filed his complaint in the instant case on November 25, 1975, seeking to maintain it as a class action on his own behalf and on behalf of "all former Federal probationary employees who have had adverse personnel information placed on Civil Service Form 50 or its substitutes or predecessors without an opportunity to contest the truth of the facts asserted therein". The first paragraph of the complaint reads: "Plaintiffs (sic) in this class action seek to enjoin as a denial of due process defendants' actions in placing on their permanent personnel records information which reflects adversely on each plaintiff's good name, reputation, honor and integrity without first granting to them notice and hearing on the facts charged by defendants. Plaintiffs seek an order requiring the removal of such information from defendants'

records and an order reinstating plaintiffs with back pay if such charges prove false after due hearing." The complaint included appropriate prayers to that end.

After discovery, plaintiff withdrew his motion for certification of the case as a class action on April 18, 1975.

Both sides filed motions for summary judgment, but thereafter agreed that the case be submitted to the court without a jury on a stipulated record, with the right in the court to draw inferences from the material therein.

Plaintiff now seeks: (1) a declaratory judgment that defendants have denied him due process of the laws by failing to grant him a hearing after adequate notice on factual issues that will be the basis for charges placed on his permanent personnel records; (2) an injunction against defendants, their agents, et al., from disclosing any adverse personnel information to any person until such time as plaintiffs are granted notice and an opportunity for a hearing on all issues of legal or factual dispute; (3) an order requiring defendants to reinstate plaintiff with back pay; and (4) such additional or alternative relief as may seem to the court to be just and proper.

■ The government had a right to terminate plaintiff's employment during his probationary period and plaintiff had no right to a hearing to contest that termination, unless prohibited discrimination was involved. Cf. Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). Plaintiff does not contend that he had a property interest in continued employment and concedes, as he must, that Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), would refute such a contention. Cf. Arnett v. Kennedy, supra; Johnson v. Fraley, 470 F.2d 179 (4 Cir. 1972). Nor does plaintiff suggest that any First Amendment right is involved. Cf. Perry v. Sinderman, 408 U.S. 593, 596–598, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). Plaintiff contends

that he has been deprived of "liberty" without due process of law.

The Due Process Clause of the Fifth Amendment protects individuals against arbitrary deprivations of liberty by the federal government. One's reputation or good name has been recognized as an element of the liberty which is protected by the Fifth Amendment. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); McNeill v. Butz, 480 F.2d 314 (4 Cir. 1973).

In Board of Regents v. Roth, supra, the Supreme Court recognized that charges leveled against an employee in connection with the termination of his employment "might seriously damage his standing and associations in his community" or impose on him "a stigma or other disability" that would foreclose his freedom to take advantage of other employment opportunities. 408 U.S. at 573, 92 S.Ct. 2701. The Court in *Roth* stated that in such a case "due process would accord an opportunity to refute the charge". Id.

Officials in the Veterans Administration have placed in plaintiff's permanent personnel file the statement that he was terminated for having been observed intoxicated and asleep during his tour of duty. The officials have also placed in that file letters from two of plaintiff's fellow employees who claim to have observed him in that condition. The dissemination of these charges might seriously impair plaintiff's standing in his community and would be likely to interfere with his later efforts to obtain employment as a security guard or private policeman, whether in the public or private sector.

This Court concludes:

1. Plaintiff is not entitled to be reinstated in his former employment by the Veterans Administration.

2. Unless the Administrator of Veterans Affairs grants plaintiff a prompt hearing before an administrative judge or other impartial hearing officer to determine whether the charges made against plaintiff were true, plaintiff is entitled to an injunction requiring the defendant, Administrator of Veterans Affairs to remove from plaintiff's permanent personnel file all material relating to the reason for the termination of his employment, including:

(i) The letter of August 19, 1974, from the Chief, Personnel Service, to plaintiff, "SUBJ: Termination During Probationary Service".

(ii) The Form SF 50, Notification of Personnel Action, dated 8–23–74. (A similar Form SF 50, omitting the following language under "Remarks", namely, "Due to reporting to duty on 08–16–74, in an intoxicated condition and were observed asleep during your tour of duty on that date", and containing no other reference to the reason for plaintiff's termination, may be substituted in its place.)

(iii) The eight pages dealing with proceedings before the Employment Security Administration of the State of Maryland.

(iv) The letter dated August 29, 1974, to the Chief, Fiscal Service (141D).

(v) Any copy of papers included in the appeal file of the Civil Service Commission or of any correspondence with that Commission which may be in plaintiff's permanent personnel file in the Veterans Administration.

3. Plaintiff is not entitled to any relief against the Civil Service Commission or its Director.

The court will enter a judgment order directing that, unless such a hearing as is described in 2, above, is held on or before September 30, 1975, the defendant Administrator of Veterans Affairs shall deliver to the Clerk of this Court the material listed in 2(i), (ii), (iii), (iv) and (v), above, to be kept among the permanent records of this Court.