**Lucy L. ALLEN, Individually and on behalf of a class similarly situated, et al., Appellants,**

v.

**UNITED STATES of America et al.**

No. 74–2008.

United States Court of Appeals, Third Circuit.

Argued June 11, 1976.

Decided Sept. 2, 1976.

Robert X. Medonis, Pittsburgh, Pa., for appellants.

Blair A. Griffith, U. S. Atty., Henry G. Barr, Judith K. Giltenboth, Pittsburgh, Pa., for appellees.

Before VAN DUSEN, GIBBONS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Lucy Allen and Alice Koon appeal[1] from an order of the district court granting the motion of the United States for summary judgment in an employment discrimination suit brought pursuant to § 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c), *amending* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We conclude that the district court erred in granting summary judgment, and we remand for trial.

### I

On June 11, 1971, the Finance and Data Processing Division of the Veterans' Administration Regional Office in Pittsburgh posted a vacancy for the position of General Accounting Clerk, designated GS–501–4. Two black employees, Lucy Allen and Alice Koon, applied for the position, but a white female was selected to fill the vacancy. Believing that this appointment was racially motivated, Allen and Koon filed informal charges of discrimination with the Veterans' Administration Regional Office in Pittsburgh.

On September 27, 1971, a new vacancy for the position of General Accounting Clerk, designated GS–501–5, was advertised by the Veterans' Administration Regional Office in Pittsburgh. Allen and Koon once again applied, but were again passed over in favor of the white female who had received the earlier appointment. This action was also protested, and informal efforts were once again made within the Regional Office to resolve the grievances. The efforts proved unsuccessful.

On March 28, 1972, Allen and Koon jointly filed with the United States Civil Service Commission a formal complaint charging the Veterans' Administration with employment discrimination.[2] A hearing was conducted before an Appeals Examiner appointed by the Commission. On September 1, 1972, the Assistant General Counsel of the Veterans' Administration adopted the examiner's findings and conclusion that Allen and Koon had not been discriminated against because of race. This decision was affirmed by the Board of Appeals and Review of the Commission in an opinion dated January 15, 1973. On May 23, 1973, Allen and Koon filed the instant suit in the district court basing jurisdiction

1. At oral argument counsel stipulated that the appeal of Odell Bailey, who joined with Allen and Koon as a plaintiff in the district court, should be dismissed.

2. The Equal Employment Opportunity Act of 1972, *amending* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, waived the United States Government's defense of sovereign immunity and authorized the filing of civil actions by employees of the federal government aggrieved by personnel actions against them. Enforcement authority was conferred on the Civil Service Commission. 42 U.S.C. § 2000e–16(a) and (b). The effective date of the 1972 Act was March 24, 1972. Although the acts here complained of occurred prior to that date, administrative proceedings were pending on March 24, 1972, and in such circumstances the statute applies retroactively. *Sperling v. United States,* 515 F.2d 465, 473–74 (3d Cir. 1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976); *Ettinger v. Johnson,* 518 F.2d 648, 651 n.7a (3d Cir. 1975).

on, *inter alia,* § 717(c) of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e–16(c).[3]

The district court held that the scope of judicial review under § 717(c) required only a review of the administrative record rather than a trial *de novo.* Reviewing the decision of the Commission by the substantial evidence standard, it was

> "satisfied that the administrative determination herein was neither arbitrary nor capricious, and that the finding that there was no discrimination in this situation is supported by substantial evidence."

Accordingly, the district court granted summary judgment for the defendants. It is now clear that federal employees suing under § 717(c) are entitled to a trial *de novo* rather than to a substantial evidence review. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976); *Sperling v. United States,* 515 F.2d 465 (3d Cir. 1975), *cert. denied,* 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976). Thus, the order appealed from must be reversed unless there appears without factual dispute in the record a ground for affirmance, other than that on which the district court acted.

## II

The government urges that we can affirm the grant of summary judgment because the record establishes that the district court complaint of Allen and Koon was time barred by the statute of limitations provision contained in § 717(c); thus the district court was without jurisdiction to review the administrative action. Section 717(c) authorizes any person aggrieved after notice of final action by the Civil Service Commission on a discrimination complaint to institute suit in the district court within 30 days:

> Within thirty days of receipt of notice of final action taken . . . by the

Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, . . . an employee or applicant for employment if aggrieved by the final disposition of his complaint, . . . may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Allen and Koon commenced suit in the district court on May 23, 1973, 128 days after the Civil Service Commission rendered its final opinion in the case—dated January 15, 1973. It is not disputed that the plaintiffs were promptly made aware of this opinion.

If the January 15, 1973 opinion constituted "final action taken . . . by the Civil Service Commission," this action was time barred. *Brown v. G.S.A.,* 425 U.S. 820, 96 S.Ct. 1961, 48 S.Ed.2d 402 (1976). But appellants point out that in 1972 the Commission adopted regulations which require that the Commission's "final action" shall contain a notice of the employee's right to file a civil suit within thirty days. 5 C.F.R. § 713.234, .282 (1976). The applicable regulations provide:[4]

§ 713.234  Appellate procedures.

The Appeals Review Board shall review the complaint file and all relevant written representations made to the board. The board may remand a complaint to the agency for further investigation or a rehearing if it considers that action necessary or have additional investigation conducted by Commission personnel. This subpart applies to any further investigation or rehearing resulting from a remand from the board. There is no

---

**3.** In addition to § 717(c), plaintiffs attempted to invoke federal jurisdiction under 42 U.S.C. § 1981, and 28 U.S.C. §§ 1331, 1343(4), 1346(2), 1361 and 2201. The district court held that in this instance federal jurisdiction would lie only under § 717(c).

**4.** 5 C.F.R. § 713.234, .282 (1976), first appeared in 37 Fed.Reg. 22722–23 (Oct. 21, 1972), corrected at 37 Fed.Reg. 25699 (Dec. 2, 1972). Subsequent to Dec. 2, 1972, the notice of rights provision was amended in immaterial respects. 29 Fed.Reg. 32540 (Sept. 9, 1974).

right to a hearing before the board. The board shall issue a written decision setting forth its reasons for the decision and shall send copies thereof to the complainant, his designated representative, and the agency. When corrective action is ordered, the agency shall report promptly to the board that the corrective action has been taken. The decision of the board is final, but shall contain a notice of the right to file a civil action in accordance with § 713.282.

§ 713.282 Notice of right.

An agency shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing, in any final action on a complaint under §§ 713.215, 713.217, 713.220, or § 713.221. The Commission shall notify an employee or applicant of his right to file a civil action, and of the 30-day time limit for filing, in any decision under § 713.234.

It is undisputed that the January 15, 1973 Commission opinion did not comply with 5 C.F.R. § 713.234, .282. Rather, the last paragraph of the Commission's opinion reads:

"Civil Service Commission Regulations provide that the Board's decision is final and that there is no further right of administrative appeal."

Allen and Koon contend that absent compliance with its own regulations, 5 C.F.R. § 713.234, .282, the Commission's action never became final. If this is so, the suit was not time barred as the 30-day time period never began running.[5]

The government points out that nothing on the face of § 717(c) suggests that a notice of rights is an element of "final action taken . . . by the Civil Service Commission." At the same time, it makes no contention that the promulgation of 5 C.F.R. § 713.234, .282 (1976), was beyond the powers of the Commission. Rather, it argues that the Commission's failure to observe its own regulations should be disregarded, as such a failure cannot serve as a basis for estopping the United States Government from asserting a Congressionally created jurisdictional time bar.[6] The estoppel argument is something of a straw man, however, for if the Commission had the legal authority to define by regulation what it would consider to be "final action taken," and it failed to take an action which complied with that definition, then the 30-day period never began running. The Commission's authority in this respect must, we think, be determined in light of the purposes that motivated Congress in adopting the 30-day limitation period.

Time bars serve different purposes in different contexts. Some statutes of limitations serve to protect the courts from the necessity for adjudicating stale claims, and the litigants from the potential for error inherent in such adjudications. Others serve to strike a balance between the need for certainty and predictability in legal relationships and the role of the courts in resolving private disputes. Still others, such as short time periods for taking appeals, reflect the need for prompt termination of the uncertainty in legal relationships caused by the pendency of litigation.

It seems to us that the 30-day provision in § 717(c) was intended primarily for the purpose of affording to the government in matters of employment a prompt final resolution of the status of the employee in question. Neither the stale claim policy nor the prompt termination of litigation policy seem to be implicated, for other regulations cover the time for presenting claims administratively,[7] and no statute fixes any outside time for their administrative disposition. The primary interest seems to

---

**5.** A final action by the Commission is not a prerequisite to suit since § 717(c) permits a suit by the petitioner after 180 days from the filing of the initial charge. *E. g., Brooks v. Brinegar,* 391 F.Supp. 710, 712–13 (W.D.Okl.1974); *McLaughlin v. Callaway,* 382 F.Supp. 885, 890 (S.D.Ala.1974); *Smith v. Snyder,* 381 F.Supp. 1083, 1086–87 (E.D.Pa.1974).

**6.** This estoppel argument was accepted in *Eastland v. Tennessee Valley Authority,* 398 F.Supp. 541 (N.D.Ala.1974).

**7.** *See Ettinger v. Johnson,* 518 F.2d 648 (3d Cir. 1975).

be that of the Executive Branch in final resolution of the employee's status. The Commission has been given the responsibility for ensuring that all personnel actions affecting employment in the Federal Government are to be free from any discrimination based on race, color, religion, sex, or national origin, and has been provided with the remedial tools to implement this mandate. 42 U.S.C. § 2000e–16(a) and (b). Consequently, we see no obstacle to its assertion of the power to define by regulation the contents of its "final action." It will, we are confident, adequately protect the interests of the Executive Branch. Indeed, acknowledging the validity of 5 C.F.R. § 713.234, .282 (1976), in no way enlarges the actual power of the Commission to delay resolution of a pending dispute, since it could in any event merely withhold a final opinion.[8] With so short a limitations period, it makes eminent good sense to recognize that the power of starting its running is in the hands of the Commission, and that its regulations provide an unequivocal means for exercising that power. Thus we conclude that the Commission's regulations defining the content of its final action are valid. The failure of the Commission to notify Allen and Koon of their right to file a civil action and of the 30-day time limit for filing rendered the Commission's January 15, 1973 opinion a non-final action of the Commission.

### III

The summary judgment will be reversed and the case remanded for further proceedings.

---

8. The employee could, of course, by-pass the Commission if its decision were delayed. 42 U.S.C. § 2000e–16(c).