**Stanley M. EDWARDS**

v.

**Philip CROSBY.**

Civ. A. No. 76–3137.

United States District Court,
E. D. Pennsylvania.

May 14, 1982.

Peter F. Vaira, U. S. Atty., Dawn Mac-Phee, Asst. U. S. Atty., Jerome A. Snyder, Dept. of Navy, Philadelphia, Pa., for defendant.

Stephen F. Ritner, Philadelphia, Pa., for plaintiff.

## MEMORANDUM

GILES, District Judge.

Defendant moves to dismiss on the ground that plaintiff failed to exhaust properly the administrative remedies that are prerequisites for Title VII suits by federal employees. For the reasons which follow, the motion is denied.

Defendant's position comprises two factual contentions and a legal argument. Defendant ("government") contends that plaintiff failed to comply with the regula-tion requiring him to bring the matter to the attention of an Equal Employment Opportunity Counselor ("EEO counselor") as part of pre-complaint processing.[1] Defendant also contends that plaintiff failed to file timely a complaint of discrimination. Defendant argues that these inactions amount to a failure to exhaust properly administrative remedies, thus barring plaintiff from filing a Title VII suit.

Plaintiff presents a different version of the facts. He first contends that allegations of discriminatory firing were brought to the attention of his EEO counselor. Second, he contends that his counselor dissuaded him from filing a direct complaint, so that under the regulations, his time has not yet run. Finally, plaintiff observes that he pursued, to a final decision, an adverse-action appeal, and that this constitutes sufficient exhaustion of administrative remedies to allow a Title VII civil suit.

## I. FACTUAL CONTENTIONS

Plaintiff worked as a civilian security guard for the Aviation Supply Office of the Department of the Navy. In June, 1975, plaintiff was accused of various official wrongdoings, his badge was taken away, and he was denied access to the work compound. On July 11, 1975, he was terminated. Between June and August, he and EEO personnel had discussions, the substance of which is disputed. It is, however, undisputed that plaintiff never filed the complaint needed to initiate direct agency review; instead, he initiated an adverse-action appeal.

---

1. The discrimination and administrative action in this case occurred in 1975 and 1976. The statutes and regulations that applied have since been modified. The two most important changes are: (1) the creation of the Equal Employment Opportunity Commission, and the transfer to it of some functions of the Civil Service Commission, *see, e.g.,* 42 U.S.C. § 2000e–4(a) (Supp. II 1978); *id.* Reorganization Plan No. 1 of 1978; *id.* § 2000e–16, Transfer of Functions; and the creation of the Merit Systems Protection Board and the transfer to it of other Civil Service Commission functions, *see, e.g.,* 5 U.S.C. §§ 1201–1209, 7701–7703 (Supp. IV 1980). Neither change is legally significant in this case. *Compare* 42 U.S.C. § 2000e–16 (1976) (former statute governing

Title VII discrimination actions against federal government), *with* 42 U.S.C.A. § 2000e–16 (West 1981); 5 C.F.R. §§ 713.-211–.222, .281–.283 (1976) (former regulations on direct agency processing of discrimination complaints), *with* 29 C.F.R. §§ 1613.-211–.222, .211–.283 (1982) (current regulations); 5 C.F.R. §§ 772.101–.312 (1976) (former regulations governing adverse-action appeals of agency adverse actions), *with* 5 U.S.C. §§ 7701–7703 (Supp. IV 1980) (current statute governing appeals and judicial review), *and* 5 C.F.R. §§ 1201.11–.118 (1982) (current regulations on adverse actions generally), *and id.* §§ .151–173 (current regulations on adverse-action cases involving discrimination).

Because of potentially confusing terminology, it is helpful to note briefly the two major methods of review of alleged discriminatory action by a federal agency. I refer to the first, an intra-agency route, as "direct" agency review. The second major route is an "adverse-action appeal"—currently to the Merit Systems Protection Board, formerly to the Appeals Authority. The plaintiff used this second route. *See generally* notes 7–8 *infra.*

The government contends that during the discussions with his EEO counselor, plaintiff raised only the issue of revocation of his badge and denial of access, and never mentioned his firing, the matter he complains about in this lawsuit. The government also contends that EEO officers never attempted to dissuade plaintiff from pursuing intra-agency remedies. The government's position is supported by affidavits.[2]

■ Through counsel, plaintiff disputes these contentions. Counsel's argument, however, cannot overcome the government's affidavits. As the government has pointed out, the inclusion of affidavits with the motion papers makes the motion one for summary judgment. Defendants' Second Supplemental Memorandum at 6; *see* Fed.R.Civ.Pro. 12(b). When a summary judgment motion is supported by affidavits, the adverse party may not rest upon the pleadings, but must supply proper affidavits or discovery creating a specific factual dispute. *See* Fed.R.Civ.Pro. 56(e). Counsel's disputation cannot create a genuine dispute. Thus, it appears "without substantial controversy," *see id.* 56(d), that plaintiff never complained to his EEO offi-

cers about discriminatory firing, and that his EEO officers never tried to dissuade him from pursuing direct agency review.

These facts have immediate legal consequences in terms of the regulations governing direct agency administrative procedures. Those regulations provide that to avail himself of his direct administrative remedy for discrimination, a federal employee must satisfy two time requirements. First, he must have brought the matter or personnel action to the attention of his EEO counselor within thirty days of the matter or action. 5 C.F.R. § 713.214(a)(1)(i) (1976); *accord* 29 C.F.R. § 1613.214(a)(1)(i) (1981). Second, he must file a formal, written complaint within fifteen days of the final interview with his counselor. 5 C.F.R. § 713.-214(a)(1)(ii) (1976); *accord* 29 C.F.R. § 1613.214(a)(1)(ii) (1981). The agency, however, must extend the time limits if plaintiff was not aware of the limits, if plaintiff was prevented from complying by circumstances beyond his control, or for other sufficient reasons. 5 C.F.R. § 713.-214(a)(4) (1976); *accord* 29 C.F.R. § 1613.-214(a)(4) (1981).

■ The consequences of the established facts are twofold. First, plaintiff has complied with neither time requirement. Second, because defendant has established that plaintiff was not dissuaded, no factual basis exists for plaintiff's attempt to invoke an extension.[3] Because plaintiff has failed to comply with the regulations on time limits, he is foreclosed from using the direct agency administrative remedy. *See* 5 C.F.R. § 713.214(a)(1) (1976); 29 C.F.R. § 1613.214(a)(1) (1981).

---

**2.** *See* Defendants' Second Supplemental Memorandum (docket no. 39), Exhibit C, Affidavit of Lillian Gibson; *id.* Exhibit D, Affidavit of Horace L. Bailey.

**3.** Plaintiff also argues that the time limits must be extended because his EEO counselor failed to give written notice of his right to sue, as required when the final interview doesn't occur within 21 days of the initial charge. *See* 5 C.F.R. § 713.213(a) (1976); *accord* 29 C.F.R. § 1613.213(a) (1981). Failure to give written notice in this case is irrelevant under the regulations for two reasons. First, the affidavits establish that plaintiff was aware of the time

limit for filing a complaint. Actual awareness prevents the agency from granting an extension. *See* 5 C.F.R. § 713.214(a)(4)(i) (1976); 29 C.F.R. § 1613.214(a)(4)(i) (1981). Second, the purpose of written notice in cases involving extended precomplaint processing is not to apprise the grievant of the last deadline for a complaint. Rather, it is to advise him that he may file a complaint immediately, rather than waiting for a final interview. Plaintiff's lack of notice of his right to complain early is irrelevant where the issue is whether his complaint was too late.

## II. LEGAL ARGUMENT

■ The government argues that plaintiff's failure to meet the timeliness requirements for direct agency review also has the ultimate legal consequence of precluding a Title VII suit. Plaintiff disagrees.[4]

■ When plaintiff was fired, he chose to appeal this "adverse action" to the Federal Appeals Authority of the Civil Service Commission.[5] It is undisputed that plaintiff in fact pursued this appeal to a final conclusion; that the issue of discrimination was raised, investigated, and adjudicated; and that plaintiff received a right-to-sue letter. The government also concedes the legal proposition that after properly pursuing an adverse-action appeal, a grievant is entitled to bring a civil suit.[6] Essentially, the government argues that the timeliness of the Appeals Authority's review of a discriminatory adverse action is controlled by the regulations on direct agency complaints.

■ This argument is unsupported by the regulations, which allow direct agency complaints and adverse-action appeals as alternate, independent means of satisfying the administrative prerequisites.[7] Those

4. Plaintiff also argues that the government is estopped from raising this argument because it gave him a right-to-sue letter. This argument is meritless. The essence of estoppel is detrimental reliance on a representation by the adverse party. The right-to-sue letter cannot have caused the detrimental failure to comply with the regulations, because the letter was issued long after the non-compliance. Plaintiff argues that the filing of the lawsuit was in reliance on the letter. This may be true, but initiating suit is not detrimental. Thus, there is no factual basis for estoppel.

5. See 5 C.F.R. §§ 772.101–312 (1976). An appeal of an adverse action is available to any federal employees, even where discrimination is not alleged. Normally, final agency decisions on such actions can be judicially reviewed only for abuse of discretion, improper procedures, or lack of substantial supporting evidence. Currently, appeals are taken to the Merit Systems Protection Board. See 5 U.S.C. §§ 7701–7703 (Supp. IV 1980); 5 C.F.R. §§ 1201.11–.118, .151–173 (1982).

The adverse-action appeal to the Appeals Authority should not be confused with the appeal of the direct agency administrative action. See note 7 infra.

6. The government's argument on this issue has been confusing. Defendant initially took the position that plaintiff had not exhausted administrative remedies, and that exhaustion of adverse-action remedies entitles a plaintiff to judicial review only for abuse of discretion. Defendant now recognizes that:

The Civil Service Commission has taken the position that by properly proceeding under either Section 713 [ (direct-agency review) ] or 752 [ (adverse action review) ] the employee has fully exhausted his administrative remedies as set forth in the regulation and would be entitled to a de novo review of his discrimination complaint, pursuant to Title VII. The issue is therefore not whether the employee elects to proceed under Section 713 or 752, but whether he has raised his allegations in a timely fashion.
Defendant's Supplemental Memorandum (docket no. 32) at 2.

7. The only statutory prerequisite for administrative action prior to a Title VII suit is "notice of a final action taken by a department, agency, or unit . . . or by the Civil Service Commission upon an appeal." 42 U.S.C. § 2000e–16(c) (1976). See Brown v. General Servs. Admin., 425 U.S. 820, 832, 96 S.Ct. 1961, 1967, 48 L.Ed.2d 402 (1976). The effect of the position of the Civil Service Commission, which is not disputed by defendant, see note 6 supra, is that direct action on a complaint, or action on an adverse-appeal satisfy the "final action by a department" requirement. The current statute explicitly allows a Title VII suit after an adverse-action appeal. See 5 U.S.C. § 7703(b)(2) (Supp. IV 1980).

Thus, the statutory scheme allows a Title VII suit after: (1) a final departmental action, or (2) a final action by the Commission on an appeal from the departmental action.

Under this scheme, the first requirement formerly was satisfied by a direct agency decision, or a decision by the Federal Appeals Authority on an adverse-action, and currently is satisfied by direct agency decision, or a decision by the Merit Systems Protection Board. The second requirement formerly was satisfied by a decision of the Appeals Review Board of the Civil Service Commission, on appeal from either the direct agency decision, see 5 C.F.R. §§ 713.-231–.236 (1976), or the Appeals Authority's adverse-action determination, see id. § 772.310. Currently, the second requirement is satisfied by a decision of the EEOC, see 42 U.S.C. § 2000e–16(c) (West 1981), on appeal from the agency, see 29 C.F.R. §§ 1613.231–.236 (1981), or the Merit Systems Protection Board. See 5 C.F.R. § 1201.158 (1982).

The appeal satisfying the statutory requirement of a final decision by the Commission should not be confused with the adverse-action appeal to the Appeals Authority utilized by the

regulations provide that intra-agency and adverse-action review are "separate rights of appeal." 5 C.F.R. § 772.306(a) (1976); *cf.* 5 C.F.R. § 1201.154(c) (1982) (adverse action appellant "must either file a timely complaint of discrimination with the agency or appeal . . . within 20 days after the effective date of the agency action being appealed"). The grievant must be informed of the "alternate rights of appeal" so that he may "elect which avenue of appeal he wishes to pursue." 5 C.F.R. § 772.306(a) (1976).[8]

▮▮▮ Because these two routes of administrative review are separate, plaintiff was entitled to follow only the avenue of an adverse-action appeal. There is no reason in statute or regulation why the timeliness of the adverse-action appeal should be controlled by regulations dealing with direct complaints.[9] Therefore, plaintiff's failure to follow the regulations on direct agency review has no bearing on the timeliness or propriety of his adverse-action appeal. By raising the question of discrimination in that appeal, and pursuing it to a final decision, plaintiff has complied with the statutory and regulatory requirements of exhaustion of administrative remedies. Therefore, defendant's motion will be denied.

An appropriate order follows.

---

plaintiff. The Appeals Authority's decision meets the requirement of final departmental action, rather than the requirement of a Commission action on an appeal from the departmental action.

8. The grievant may elect to pursue (1) only direct agency review; (2) only adverse-action appeal; or (3) direct review followed by an adverse-action appeal. *See* 5 C.F.R. § 772.-306(a)-(b) (1976); 5 C.F.R. § 1201.154(a)-(b) (1982). Concurrent direct and adverse-action proceedings are prohibited. 5 C.F.R. § 772.-306(a)(2) (1976). As a practical matter, an adverse-action appeal cannot be followed by a direct complaint because an allegation of discrimination in an adverse-action appeal "may not serve as the basis for extending the time for filing a complaint as provided in § 713.214." *Id.* § 772.306(a)(1).

I note that defendant contends that the last-quoted regulation means that an adverse-action

## ORDER

AND NOW, this 14th day of May, 1982, it is hereby ORDERED that:

1. The following facts "appear without substantial controversy" and are deemed established, *see* Fed.R.Civ.Pro. 56(d):

(a) Plaintiff never raised the issue of discrimination in firing with his EEO officers.

(b) The EEO officers did not attempt to dissuade plaintiff from filing a complaint.

(c) Plaintiff knew the deadline for filing a complaint, and elected to pursue an adverse-action appeal instead.

2. Defendant's motion to dismiss is DENIED.

3. By June 1, 1982, defendant shall file its answer to the complaint.

4. Discovery shall be completed by September 1, 1982.

5. By September 15, 1982, plaintiff shall file a pretrial memorandum, as well as proposed findings of fact and conclusions of law, and memoranda of law on disputed or unusual legal issues.

6. By September 27, 1982, defendant shall file a pretrial memorandum, as well as proposed findings of fact and conclusions of law, and memoranda of law on disputed or unusual legal issues.

7. A final pretrial conference will be held on October 6, 1982, at 8:45 a. m., in Room 8613.

---

appellant must file a complaint prior to appeal. Defendant is incorrect. The regulation means exactly what it says.

9. The cases relied on by the government are inapposite; they either deal with situations in which the plaintiff utilized intra-agency review, *see, e.g., Ettinger v. Johnson,* 518 F.2d 648 (3d Cir. 1975), or never properly raised the question of discrimination during administrative procedures. *See, e.g.,.Beale v. Blount,* 461 F.2d 1133 (5th Cir. 1972).

The government also contends that the timely-complaint requirement is jurisdictional. This proposition is at best doubtful. *See Zipes v. Trans World Airlines, Inc.,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Furthermore, even if a timely invocation of administrative remedies is "jurisdictional," the requirement is satisfied here.

66

8. The case is deemed ready for trial at any time after the final pretrial conference. Once listed in the published trial pool, the parties shall be ready to proceed on telephone notice.