**James E. HOFFMAN, Jr.,**
**Plaintiff-Appellant,**

v.

**Captain C. E. BOEING, USN Commanding Officer Naval Air Rework Facility NAS, Jacksonville, Florida, et al., Defendants-Appellees.**

No. 78–2769
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 8, 1979.

Rehearing Denied July 13, 1979.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

P. Donald DeHoff, Atty., Jacksonville, Fla., for plaintiff-appellant.

John J. Daley, Jr., U. S. Atty., Thomas E. Morris, Asst. U. S. Atty., Jacksonville, Fla., Marian H. Harris, Alex H. Adkins, Dept. of Navy, Norfolk, Va., for defendants-appellees.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

The sole issue raised on appeal in this otherwise complicated case is whether a federal employee is required to exhaust administrative remedies prior to filing suit for alleged racial discrimination in the denial of a promotion. The district court correctly held that the litigant who asserts such a claim may enter federal court only after passing through the administrative foyer, and we therefore affirm the dismissal of appellant's claim.

Appellant Hoffman is a 44-year-old white male federal employee; he contends that he was a victim of reverse discrimination because a 54-year-old black male was promoted even though appellant had scored higher on a qualifying test. Defendant-appellee, Captain Boeing, made the decision to promote the other employee. Mr. Hoffman alleges that, as commanding officer of the naval installation where Hoffman works, Captain Boeing is also responsible for Equal Employment Opportunity compliance. Mr. Hoffman contends that this fact would have made resort to the Navy (and presumably the Civil Service Commission) futile.

If Mr. Hoffman had resorted to the grievance procedures applicable in his case,[1] however, this matter would have been handled by independent, impartial individuals, not by Captain Boeing. See 5 C.F.R. §§ 713.201 et seq. [the later citations to 5 C.F.R. will refer only to the section number]. The first step in these procedures is "pre-complaint counseling" by one of the Navy's Equal Employment Opportunity Counselors, who, among other duties, may inquire into and seek informal solution of grievances, but may not disclose the identity of the aggrieved person without his authorization until he has filed a complaint. §§ 713.204(c), 713.213(a). These counselors are required to cooperate fully with employees, and are protected from the exercise

---

1. Equal Employment Opportunity Commission administrative remedies under 42 U.S.C. § 2000e–5 are not applicable to allegations of discrimination by the United States; the United States is expressly excluded from the definition of employer under this section. See 42 U.S.C. § 2000e(b). This court's jurisdiction over suits alleging employment discrimination by the United States is pursuant to 42 U.S.C. § 2000e–16; the regulations in 5 C.F.R. §§ 713.201 et. seq. set forth the administrative remedies to be pursued in such cases.

of undue influence by superiors.[2] § 713.-213(b) and (c).

The next step in this process is the filing of a formal complaint, following which the Director of Equal Employment Opportunity assigns a person to investigate it who is "not, directly or indirectly, under the jurisdiction of the head of that part of the agency in which the complaint arose." § 713.216(a). An employee filing a complaint is entitled to a hearing, if he wishes one, with an employee of another agency serving as the examiner. § 713.218(a). The head of the Navy, or his designee, makes the final decision. § 713.221(a). Mr. Boeing could not have been designated to decide this case, because the regulations require that any designee be "impartial" and "objective." *Id.* If the agency's decision is adverse to the employee, he is entitled to an appeal to the Civil Service Commission's Appeals Review Board. § 713.231. If the employee prevails, the agency and the Commission have substantial remedial powers. § 713.271(b).

■ Recourse through this process would have been neither meaningless nor necessarily futile. The claimant's subjective belief that resort to the administrative process would have been ineffectual does not excuse his failure even to attempt that remedy. *League of United Latin American Citizens v. Hampton,* 1974, 163 U.S.App.D.C. 283, 286, 501 F.2d 843, 846.

■ The timely filing of an administrative complaint is a condition precedent to bringing a discrimination suit under Title VII. 42 U.S.C. § 2000e–16(c); *Brown v. GSA,* 1976, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402; *Bickham v. Miller,* 5 Cir. 1978, 584 F.2d 736. *See Love v. Pullman Company,* 1972, 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679, 682, (42 U.S.C. § 2000e–5 action); *Sanchez v. Standard Brands, Inc.,* 5 Cir. 1970, 431 F.2d 455, 460 (42 U.S.C. § 2000e–5 action). The Supreme Court has outlined the procedure an aggrieved employee must follow:

Initially, the complainant must seek relief in the agency that has allegedly discriminated against him. He then may seek further administrative review with the Civil Service Commission or, alternatively, he may, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court without appealing to the Civil Service Commission. If he does appeal to the Commission, he may file suit within 30 days of the Commission's final decision. In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency or Civil Service Commission has not taken final action.

*Brown v. GSA, supra,* 425 U.S. at 832, 96 S.Ct. at 1967, 48 L.Ed.2d at 411.

■ A judicial complaint that fails to allege exhaustion of administrative remedies or that the plaintiff should for some adequate reason be excused from this requirement is properly subject to dismissal. *See Bickham, supra.* Cf. *Beale v. Blount,* 5 Cir. 1972, 461 F.2d 1133, 1140 (§ 1983 action). The Civil Service regulations setting up a grievance procedure (in this case, 5 C.F.R. § 713.201 *et seq.*) are not to be interpreted in an overly technical manner, see *Love v. Pullman Company,* 1972, 404 U.S. 522, 523, 92 S.Ct. 616, 617, 30 L.Ed.2d 679, 682 and *Richerson v. Jones,* 3 Cir. 1978, 572 F.2d 89, but a plaintiff will not be allowed deliberately to bypass the opportunity for conciliation and administrative relief provided by them. *Ostapowicz v. Johnson Bronze Company,* 3 Cir. 1976, 541 F.2d 394, 398, cert. denied, 1977, 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753. Furthermore, this circuit allows the district court to consider only those grounds of complaint that were raised in the administrative process. *Beale, supra,* 461 F.2d at 1140. Accord, *Ettinger v. Johnson,* 3 Cir. 1975, 518 F.2d 648, 652 n.9.

---

**2.** Section 713.213(c), 5 C.F.R. (1978), provides: "The Equal Employment Opportunity Counselor shall be free from restraint, interference, coercion, discrimination, or reprisal in connection with the performance of his duties under this section."

■ The complaint fails to allege that appellant ever sought "pre-complaint counseling" under § 713.213 or timely filed a formal complaint with the agency under § 713.214 with regard to racial discrimination. A union representing Mr. Hoffman did write a letter to the Civil Service Commission styled an "appeal," but it was not an effective appeal because Mr. Hoffman had never filed a complaint with the agency and there was, therefore, nothing to appeal from. In connection with his claim of *age* discrimination, appellant satisfied the administrative requirements of the Age Discrimination in Employment Act,[3] 29 U.S.C. § 633a(d), but this compliance cannot be interpreted as fulfilling the exhaustion prerequisites of Title VII, 42 U.S.C. § 2000e–16(c). *Beale, supra,* 461 F.2d at 1140. Therefore, the district court correctly dismissed appellant's Title VII claim for failure to exhaust administrative remedies.

■ If Mr. Hoffman had first utilized the administrative remedies available and had been unsuccessful, he would have been entitled to a trial de novo in district court. This fact, however, does not excuse his failure first to seek administrative relief. The statutory pattern mandates administrative recourse first, then trial in federal court. Mr. Hoffman's thesis that the availability of trial de novo eliminates the prerequisite first step would rewrite the statute. Unsuccessful resort to agency procedure is a *sine qua non* to trial de novo. *Brown v. GSA, supra; Ettinger, supra,* 518 F.2d at 651–52. *Cf. Love v. Pullman Company, supra,* (42 U.S.C. § 2000e–5 action).

For these reasons, the dismissal of appellant's complaint is AFFIRMED.