Arthur **ARRINGTON**, Plaintiff,

v.

Benjamin F. **BAILAR**, Postmaster General, Defendant.

Civ. A. No. H–77–680.

United States District Court, S. D. Texas, Houston Division.

Dec. 10, 1979.

---

7. See fn. 2, *supra.*

Anthony J. P. Farris, Farris, Pain & Horne, Houston, Tex., for plaintiff.

M. Angela Flores, Asst. U. S. Atty., Southern District of Texas, Houston, Tex., for defendant.

### MEMORANDUM AND ORDER

CIRE, District Judge.

█ Plaintiff's suit for alleged racial discrimination in employment against the Postmaster General of the United States is presently before the Court on motion by the defendant for dismissal for failure to exhaust administrative remedies. As a federal employee, the plaintiff's cause of action is governed exclusively by Section 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Exhaustion of administrative remedies is a jurisdictional requirement to bringing a discrimination suit under this Section. *Hoffman v. Boeing,* 596 F.2d 683 (5th Cir. 1979); *Bickham v. Miller,* 584 F.2d 736 (5th Cir. 1978); *Swain v. Hoffman,* 547 F.2d 921 (5th Cir. 1977).

The administrative steps that a federal employee must take prior to bringing his discrimination action are set forth in 42 U.S.C. § 2000e–16(c) and in 5 C.F.R. § 713.-201, *et seq.* An aggrieved federal employee must initially seek relief by submitting an administrative complaint to the EEO Counselor with the agency involved within 30 days from the date of the alleged discrimination. 5 C.F.R. § 713.214(a)(1). The agency may accept an untimely complaint in certain situations, 5 C.F.R. § 713.214(a)(4), or it may reject a complaint which was not timely filed, 5 C.F.R. § 713.215. The employee may seek further administrative re-

view with the Civil Service Commission or, alternatively, within 30 days of receipt of notice of the agency's final decision, file suit in federal district court. *Brown v. General Services Administration, supra.*

■ It is undisputed that Mr. Arrington did not file a complaint with the Postal Service EEO Counselor within 30 days of the alleged discriminatory act. It is incumbent upon this Court, therefore, to decide whether this failure to exhaust can be excused on any ground. *Ettinger v. Johnson,* 518 F.2d 648 (3d Cir. 1975). A prior motion to dismiss by the Defendant was denied by the Court (per Sterling, J.), for the reason that factual questions remained to be resolved concerning whether or not Mr. Arrington was aware of the thirty-day time restriction prior his first contact with the EEO Counselor. The Court now has the benefit of the Plaintiff's deposition testimony filed subsequent to the decision on Defendant's prior motion. This deposition and the affidavits filed with the motion to dismiss and responses thereto are appropriate for consideration on this motion to dismiss for lack of subject matter jurisdiction. *Green v. Forney Engineering Co.,* 589 F.2d 243 (5th Cir. 1979).

Plaintiff received a notice terminating his employment with the Postal Service on January 14, 1975. The notice advised him that he had the right to appeal to the Federal Employee Appeals Authority of the Civil Service Commission no later than 15 days after January 17, 1975. Plaintiff testified that he took this letter to his union steward who advised him to pursue the union's grievance arbitration procedures. Mr. Arrington discussed filing an EEO Complaint with his union officials but was told that "the arbitration route would be the quickest and . . . he (the union president) felt strong about pursuing it through and getting . . . satisfactory relief." Based upon his union president's recommendation, Plaintiff decided not to pursue his EEO rights and Civil Service Commission grievance procedures. When his application for arbitration was denied in October of 1975, Plaintiff consulted his present attorney.

He testified that he filed EEO Complaints in March of 1976 with the Civil Service Commission in Washington and with the Houston EEO Counselor. The report of the Counselor reflects that Mr. Arrington's first contact was on April 14, 1976.

Plaintiff's deposition testimony also reflects that he was familiar with EEO procedures "at the very lowest form" because he held the position of "union steward" for the National Alliance of Postal Employees, a black postal employees union. Employees in the union with a grievance involving discrimination would come to the Plaintiff and he assisted them in working out a resolution of their complaint "at the lowest form." In response to questioning, Mr. Arrington acknowledged that he knew he had EEO rights available in December of 1974 and that he also knew, because of his activities as a union steward, that a person who wished to file an EEO complaint needed to do so 30 days from the date of the act of discrimination.

In a controverting affidavit filed in response to this motion to dismiss, Mr. Arrington explains his deposition testimony. He states that no one in the U.S. Post Office told him he could file an EEO complaint while the union was processing his grievance and that he "never knew much about the EEO back in 1973 or 1974." Plaintiff further states that he never filed EEO complaints for other employees; rather, his job was to "work it out with the supervisor for them," and if he was unsuccessful, he told them "to go downtown to the EEO counselor." Mr. Arrington additionally avers that when he testified at his deposition that he was familiar with the 30-day time frame, he only did so because it was "in (his) mind" because his lawyer told him so many times about the thirty days. He states: "(b)ack there in 1973 and 1974 I thought the time frame for filing with the EEO was seven to ten days. Until (my lawyer) told me I didn't know the exact time."

■ Regardless of what the Plaintiff knew about the administrative filing deadlines that he faced on January 14, 1975, the

date of his termination, the fact remains that he contacted his attorney approximately 9 months later and yet another 5 months elapsed before any administrative procedures were instituted on his behalf. This Court is well aware that the administrative regulations are not to be interpreted in an overly technical manner. *Hoffman v. Boeing,* 596 F.2d 683 (5th Cir. 1979). Nevertheless, it is not an aggrieved federal employee's prerogative to bypass the opportunities for conciliation and administrative relief provided by these regulations. *Id.; Richerson v. Jones,* 572 F.2d 89 (3d Cir. 1978).

The Plaintiff's complaint, filed with an EEO Counselor more than a year after his termination, was dismissed by the agency as untimely. In *Huntley v. Department of Health, Education and Welfare,* 550 F.2d 290 (5th Cir. 1977), the Court of Appeals held that once an untimely complaint is accepted and acted upon by the agency, the 30-day time limit is no longer mandatory, but left open the present question stating:

> "We therefore need not decide whether, or under what circumstances, an agency refusal to accept and process an otherwise tardy claim would deprive us of power to hear it."

The agency was free to accept Mr. Arrington's untimely complaint if he had shown that "he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits." 5 C.F.R. § 713.214(a)(4).

In light of the facts and circumstances preceding the filing of this action, as outlined herein, this Court cannot reasonably find that the Plaintiff's failure to timely pursue his administrative remedies should be excused on the basis of ignorance. This conclusion is inescapable in light of the Plaintiff's union position during his employment, his discussions of EEO grievance procedures with his union officials at the time of his termination, and his own testimony concerning his general familiarity with EEO grievance procedures. Further, Mr. Arrington's failure to file an administrative complaint until 5 months after he contacted his attorney is inexcusable. See *Roth v. Naval Aviation Supply Office,* 443 F.Supp. 413 (E.D.Pa.1978). Subjective ignorance does not automatically entitle a complainant to a time extension. *Myles v. Schlesinger,* 436 F.Supp. 8, 17 (E.D.Pa.1976). Because the Plaintiff failed to timely file an administrative complaint before proceeding with this Title VII action, his claim is properly subject to dismissal. *Hoffman v. Boeing,* 596 F.2d 683 (5th Cir. 1979).

Accordingly, it is ORDERED that the Plaintiff's complaint be DISMISSED.