**Thorpe SMITH, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant.**

**No. 83 C 0530.**

United States District Court,
N.D. Illinois, E.D.

Aug. 15, 1983.

Rick Allan White, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Joan Laser, Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

Plaintiff, an individual of black and American Indian ancestry, brought the instant action seeking reinstatement to his former position. Mr. Smith was employed on a probationary basis on September 22, 1980 by the U.S. Department of Housing and Urban Development (HUD) in the Office of Indian Programs as a construction cost analyst. On August 28, 1981, plaintiff was informed that, because he had been unable to demonstrate proficiency in his duties and because of his disregard for time and attendance regulations, he was being terminated. On August 31, 1981, plaintiff submitted a written response to the termination notice to Mr. Lesht, HUD's Employee Relations Officer, stating that he felt the termination had been the result of the "absolute prejudice" of the deciding official.

On September 11, 1981, Mr. Lesht responded to plaintiff's letter by advising him

to contact Louciene Watson of the Regional Fair Housing and Equal Opportunity Office to obtain the name of an available Equal Employment Opportunity (EEO) counselor at Mr. Smith's office. Plaintiff claims to have seen Mr. Watson on September 4, 1981.[1] On that same date he went to see Coral Duplessis, an EEO counselor. There is some dispute as to who recommended Mr. Smith to Ms. Duplessis. Although Ms. Duplessis was not the EEO counselor for Mr. Smith's office, she spoke to him and informed him that she was not available for counseling because of previous counseling commitments and a heavy workload in her assigned position. She also told him that he should contact the Regional Fair Housing and Equal Opportunity Office to find an available counselor. Ms. Duplessis specifically told plaintiff not to consider their meeting as a counseling. After Ms. Duplessis repeatedly told plaintiff that she could not accept his case, he allegedly became hostile and threatening. Under this pressure, she accepted some documents from plaintiff. Plaintiff concedes that Ms. Duplessis told him she could not counsel him and does not deny that he became hostile. However, plaintiff insists he subjectively felt that his case was being accepted by Ms. Duplessis.

On September 24, 1981, Mr. Smith sent a letter to Mr. Lesht in which he admits that on at least one occasion prior to his letter of termination, Mr. Smith had been informed by his supervisors that they were displeased with his tardiness and excessive lunch hours. On September 28, 1981, Mr. Smith wrote Ms. Duplessis asking her to "reassess this matter." A copy of this letter was sent to HUD's Regional Inspector General. On October 7, 1981, plaintiff received a reply from HUD's Regional Inspector General indicating that HUD's Office of the Assistant Secretary For Fair Housing and Equal Opportunity was the appropriate forum in which to pursue his grievance. The plaintiff then filed the instant action seeking reinstatement to his former position. This case comes before the Court on defendant's Motion for Summary Judgment. For the reasons cited herein, summary judgment is granted for the defendant.

■ Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* establishes the right of federal employees to seek redress for discrimination in employment. The Equal Employment Opportunity Commission (EEOC), under 42 U.S.C. § 2000e–16(b), is given the power to enforce these provisions through the issuance of rules, regulations, and orders. It is clear that an exhaustion of remedies is a precondition to filing suit under 42 U.S.C. § 2000e–16. *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). One of those remedies which must be exhausted is the attempted negotiation of a settlement with an appropriate Equal Employment Opportunity Counselor. 29 C.F.R. § 1613.213, 24 C.F.R. § 7.25.

■ Both parties agree that the above-cited regulations are controlling in the instant action. The only dispute centers on whether plaintiff falls within an exception to the exhaustion requirement set out in *Brown. Henry v. Schlesinger,* 407 F.Supp. 1179 (E.D.Pa.1976). *See, also, McKart v. United States,* 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); *Ettinger et al. v. Johnson et al.,* 518 F.2d 648 (3rd Cir.1975). Specifically, plaintiff argues that his ignorance of the procedural requirements, coupled with the failure of the agency to give him direction, should exempt him from having to comply with the specific prerequisites of the exhaustion requirement. This Court does not agree.

In *Henry v. Schlesinger, supra,* relied on by plaintiff, the Court found that Henry's failure to obtain notice of final action by the agency was excused by plaintiff's ignorance of the proper procedures where the EEO officer had misled the plaintiff and that the Agency did nothing to dispel plaintiff's belief that no further final notice was

---

1. There is some dispute here, since plaintiff was not informed of Louciene Watson's name

until September 11, 1981.

forthcoming. By contrast, in the instant case it is clear that the agency did nothing to mislead the plaintiff, but instead stressed to him that no counseling had taken place and that he would have to be counseled by the appropriate EEO officer before any agency action could be deemed to have taken place. Viewing the record in the light most favorable to plaintiff, no reasonable inference can be made that plaintiff was led to believe he had been counseled as would be required before administrative remedies could be held to be exhausted. While this Court is required to construe all reasonable inferences from the facts in favor of the non-moving party, unreasonable and unfounded inferences need not be made. *See, Tyler v. Vickery,* 517 F.2d 1089 (5th Cir.1975).

Counselor Duplessis clearly informed the plaintiff that she was too busy to counsel him and that she was not the proper individual to handle plaintiff's case. Although she did accept certain papers from the plaintiff, as the record indicates it is clear he was aware that counseling had not thereby taken place.

The record is equally unequivocal in revealing plaintiff's lack of ignorance of the proper procedures which needed to be followed before a complaint would be allowed to be filed in this Court. As previously noted, plaintiff was plainly told that he would be required to be counseled by the appropriate EEO counselor. Additionally, plaintiff was clearly familiar with regulatory scheme in effect as evidenced by his recitation of the citation and meaning of various regulations in a letter to HUD's Employee Relations Officer, Mr. Lesht. Clearly, ignorance of the appropriate procedure does not apply in this case.

Having found that plaintiff has failed to exhaust the first step of the administrative remedies, counseling, it is unnecessary to determine whether plaintiff may be excused from his failure to file a formal written complaint, the second step in the administrative scheme. 24 C.F.R. § 7.31. Because the plaintiff has failed to exhaust his administrative remedies, this Court cannot take cognizance of his claim. Accordingly, summary judgment is granted for defendants.

IT IS SO ORDERED.