843 F.2d 1393
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas WITT, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HOUSING & URBAN DEVELOPMENT,
Defendant-Appellee.
 No. 87-5523.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1988.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and S. ARTHUR SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 This is a sexual harassment case brought under Title VII of the Civil Rights Act of 1964. The plaintiff failed to comply with a regulation that required him to meet with an equal employment opportunity counselor before he filed suit. The district court, concluding that the plaintiff failed to exhaust his administrative remedies, dismissed the complaint for lack of subject matter jurisdiction. On appeal the plaintiff argues that he ought to be excepted from the exhaustion requirement because the defendant misled him about the regulation. Concluding that plaintiff's argument is without merit, we shall affirm the judgment of the district court.
 
 
 2
 From August of 1979 until October 4, 1980, the plaintiff was employed as an economist in the Louisville, Kentucky, office of the United States Department of Housing and Urban Development. In May of 1980 he complained of sexual discrimination and sexual harassment by a female supervisor and a female co-worker, and he also made charges of mismanagement. These complaints led to a meeting between the plaintiff, a union representative, and one Fred Porterfield, HUD's Louisville area office manager. The plaintiff subsequently received a written memorandum in which Mr. Porterfield said that he could find no basis for the plaintiff's complaints and that he would take no further action until the plaintiff consulted with an EEO counselor. The memo was explicit on the need for consultation with such a counselor:
 
 
 3
 "[B]e advised, as you were at the time of your employee orientation, that formal complaints of discrimination, including sexual harassment, will be processed through the Louisville Area Office Equal Employment Opportunity Counselors. As of this date, neither Darrel Arnold of Community Planning and Development nor Evelyn Patterson of the Assisted Housing Management Branch, have been contacted by you regarding this matter. Until such time as you have exhausted a possible remedy with the assistance of an EEO Counselor, the Office of the Area Manager will take no further action in this matter."
 
 
 4
 The memorandum, which did not specify any deadline for meeting with a counselor, warned the plaintiff of potential disciplinary action if he continued to pursue his mismanagement complaints outside HUD's "chain of command." The plaintiff subsequently maintained that Porterfield had told him his employment would be terminated if he pursued his sexual harassment and discrimination claims. The plaintiff never met with an EEO counselor, but he did pursue his complaints within the agency.
 
 
 5
 On October 4, 1980, the plaintiff resigned his position with HUD. In September of 1981 he requested an investigation by the HUD Inspector General's Office. That Office concluded that the "allegation of sexual harassment was not substantiated." HUD issued a final adverse decision on May 30, 1985, advising the plaintiff of his right to appeal to the EEOC. On March 30, 1986, the final agency decision was withdrawn because the Office of the Inspector General learned that the plaintiff had never filed an EEO complaint.
 
 
 6
 The plaintiff subsequently filed a civil complaint alleging sexual harassment, sexual discrimination, and retaliatory employment actions in violation of 42 U.S.C. Sec. 2000e, et seq., and 29 C.F.R. Sec. 1600, et seq. HUD filed a motion to dismiss, alleging, inter alia, a lack of subject matter jurisdiction due to plaintiff's failure to exhaust his administrative remedies.
 
 
 7
 The district court initially denied the motion to dismiss, thinking that 29 C.F.R. Sec. 1613.215 required that the agency inform the complainant of (1) his right to appeal the agency's decision to the EEOC, (2) the time limit in which to file an appeal, and (3) his right to file a civil action. The district court later reconsidered its order, concluded that the "previous memorandum was based on an erroneous interpretation of the regulations." The complaint was dismissed. This appeal followed.
 
 
 8
 Title VII provides "an exclusive preemptive administrative and judicial scheme for the redress of federal employment discrimination," Brown v. General Services Administration, 425 U.S. 820, 828-29 (1976), and administrative remedies available under that scheme must be exhausted before the federal courts can take jurisdiction of a Title VII action. See id. at 831; Hoffman v. Boeing, 596 F.2d 683, 685 (5th Cir.1979). The procedure for filing and processing an EEO claim is set forth at 29 C.F.R. Sec. 1613.211-1613.222. Under Sec. 1613, a complainant must meet with an EEO counselor before filing a complaint: "[a]n agency shall require that an aggrieved person who believes that he or she has been discriminated against because of race, color, religion, sex or national origin consult with an Equal Employment Opportunity Counselor to try to resolve the matter." 29 C.F.R. Sec. 1613.213(a).
 
 
 9
 The plaintiff in the case at bar admits that he failed to consult with an EEO counselor. He concedes that Sec. 1613.213(a) required him to do so, but he argues that he ought to be excused from that requirement because HUD did not inform him that the EEO counselor process was his exclusive means of redress and threatened him with disciplinary action or termination if he did not relinquish his claim.
 
 
 10
 Although exceptions to the exhaustion requirement have been recognized (see McKart v. United States, 395 U.S. 185 (1969)), the caselaw, the statute and the regulations provide no exception for those who choose to pursue avenues of redress other than the filing of an EEOC complaint. See McKenzie v. Calloway, 456 F.Supp. 590, 605 (E.D.Mich.1978), aff'd, 625 F.2d 754 (6th Cir.1980). Here, the Porterfield memorandum specifically instructed the plaintiff to contact an EEO counselor; he never did so. We find no basis for the plaintiff's allegation that he was misled.
 
 
 11
 In Hoffman v. Boeing, supra, the court upheld the dismissal of a Title VII complaint where the plaintiff had not sought pre-complaint counseling under Sec. 713.213 because he thought the EEO process would be futile. The court noted that a plaintiff may not deliberately "bypass the opportunity for conciliation and administrative relief provided by [the Civil Service regulations]." 596 F.2d at 685. In a case factually similar to the present case, Smith v. United States Dep't of Housing and Urban Development, 568 F.Supp. 1175 (N.D.Ill.1983), aff'd without opinion, 746 F.2d 1483 (7th Cir.1984), an EEO counselor explicitly told the employee to consult another EEO counselor and the employee failed to do so. The court dismissed the complaint for failure to exhaust administrative remedies. Id. at 1176-77.
 
 
 12
 The cases on which the plaintiff relies are inapposite. The claimants in Ettinger v. Johnson, 518 F.2d 648, 649 (3d Cir.1975), and Henry v. Schlesinger, 407 F.Supp. 1179 (E.D.Pa.1976), for example, had consulted an EEO counselor. Sperling v. United States, 515 F.2d 465 (3d Cir.1975), concerned the standard of review of administrative decisions; that is not at issue in the case at bar.
 
 
 13
 The fact that the agency failed to advise the plaintiff of the time constraints for filing an EEO claim is immaterial. Under the regulations, a complainant must contact an EEO counselor within 30 days of the alleged discriminatory event. 29 C.F.R. Sec. 1613.14(a)(1)(i). Section 1613.14(a)(4) provides that
 
 
 14
 "[t]he agency shall extend the time limits in this section: (i) when the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency."
 
 
 15
 We read this provision as applying where a claimant is late in contacting the EEO. The problem faced by the plaintiff in the case at bar is not that he contacted the EEO late, but that he chose not to contact the EEO at all--even though he had been told expressly that he had to do so.
 
 
 16
 Accordingly, we AFFIRM the judgment of the district court dismissing the complaint.
 
 
 
 *
 The Honorable S. Arthur Spiegel, District Judge, United States District Court for the Southern District of Ohio, sitting by designation