**Shay LIBERMAN, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE, IMMIGRATION & NATURALIZATION, Defendant.**

**No. CV 88–3296.**

United States District Court, E.D. New York.

June 13, 1989.

Shay Liberman, Central Islip, N.Y., pro se.

Andrew J. Maloney, U.S. Atty. by Scott Dunn, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

WEXLER, District Judge.

Plaintiff, pro se, Shay Liberman ("Liberman") brings this action seeking review of an Immigration and Naturalization Service ("INS") internal proceeding relating to Liberman's past employment with INS. Presently before the Court is defendant's ("Defendant" or "INS") motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the ground that this Court lacks subject matter jurisdiction. For the reasons stated below, Defendant's motion is granted.

## BACKGROUND

### A. *Termination of Probationary Employment*

Liberman was hired by INS on April 26, 1987 as an Immigration Inspector. Pursuant to the Code of Federal Regulations ("CFR"), the INS informed Liberman of the termination of his employment for unsatisfactory job performance during his probationary period. 5 C.F.R. § 315.804. The termination became effective on September 15, 1987.

Liberman was advised that he could appeal his termination to the Merit Systems Protection Board ("MSPB" or the "Board") if he alleged that his termination resulted from discrimination based on marital status or partisan political reasons. Further, Liberman was informed that pursuant to 29 C.F.R. Part 1613, he could raise with INS an allegation of discrimination based on race, color, religion, national origin, sex, age, or handicapping condition. Liberman was also advised that to properly allege discrimination under 29 C.F.R. Part 1613, he must first consult an Equal Employment Opportunity (EEO) counselor within thirty days after his termination was effective.

### B. *Appeal Before the Merit System's Protection Board*

Liberman appealed his dismissal to the MSPB. His appeal was dismissed on No-

vember 24, 1987 for lack of jurisdiction because Liberman had not alleged that INS discharged him on the basis of partisan political affiliations or marital status. *Liberman v. Dept. of Justice,* No. NY315H8710544, Initial Decision of Administrative Judge (Nov. 24, 1987).

Liberman then filed simultaneous appeals with the full MSPB and the United States Court of Appeals for the Federal Circuit. The Court of Appeals dismissed this appeal on January 14, 1988, on the ground that Liberman was seeking review before the MSPB. *Liberman v. Dept. of Justice,* No. 88 Civ. 3080 (D.C.Cir.1988).

The full MSPB issued a decision on June 8, 1988. In that decision, the Board denied Liberman's petition for review because he failed to "set forth objections to the initial decision, supported by references to applicable laws or regulations, and with specific reference to the record." *Liberman v. Dept. of Justice,* 37 M.S.P.R. 9 (1988); 5 CFR § 1201.115.

### C. *Equal Employment Opportunity Claim*

In a January 31, 1988 letter, Liberman contacted INS about his termination of employment. In a March 31, 1988 letter, the EEO Director for INS informed Liberman that if he wished to pursue a discrimination claim against INS he must first consult with an EEO counselor. Liberman was provided with the name, address, and telephone number of an INS EEO counselor. On July 22 and October 31, 1988, and on January 23, 1989, additional letters were sent to Liberman advising him to seek EEO counseling (the July 22, 1988 letter was returned by the United States Postal Service as unclaimed).

On February 23, 1989, Liberman met with INS EEO counselor Kay Bonadie ("Bonadie"). After the meeting, Bonadie informed Liberman that if the matter could not be resolved on an informal basis, Liberman could file a complaint with INS. The complaint would commence formal proceedings with INS relating to Liberman's allegation of discrimination.

## DISCUSSION

A. *Exhaustion of Administrative Remedies*

 The Civil Rights Act of 1964 provides a judicial remedy for claims of discrimination in federal employment. *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). As a general rule, a complainant alleging discrimination must seek relief in the agency that has allegedly discriminated against him. *Id.; Meyers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1983). An exhaustion of remedies with the agency is a precondition to filing suit in a United States District Court. *Brown,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). "One of those remedies which must be exhausted is the attempted negotiation of a settlement with an appropriate EEO counselor." *Smith v. U.S. Dep't of Housing and Human Development,* 568 F.Supp. 1175 (N.D.Ill.1983); 29 C.F.R. § 1613.213. Additionally, 29 C.F.R. § 1613.213 anticipates that the EEO counselor will be given sufficient time to both report to the Equal Opportunity Officer and the agency in an attempt to resolve the matter.

 The papers before the Court reveal that Liberman has met on only one occasion with EEO counselor Bonadie. This is not a sufficient attempt of a negotiated settlement to meet the requirement of exhaustion of administrative remedies. Indeed, the purpose of the exhaustion requirement, which is to give the administrative agency the opportunity to investigate, mediate, and take remedial action, would be defeated if this Court were to permit Liberman to by-pass exhaustion in the present case.

## CONCLUSION

Liberman has failed to exhaust his administrative remedies. Therefore, his complaint will be dismissed, at this time, for lack of subject matter jurisdiction. Accordingly, Defendant's motion to dismiss the complaint is granted.

SO ORDERED.