**Billy G. LYNCH, Plaintiff,**

v.

**Anthony FRANK, Postmaster General, United States Postal Service, Defendant.**

**Civ. A. No. 3:92–cv–243WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Feb. 28, 1994.

---

Billy G. Lynch, pro se.

Lemuel Augustus Smith, III, U.S. Attorney's Office, Jackson, MS, Sandra W. Bowens, U.S. Postal Service, Office of Field Legal Services, S.D., Memphis, TN, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court are two motions filed by the parties to the action. The pro se plaintiff, Billy G. Lynch, has filed a motion for summary judgment pursuant to Rule 56(a) and (c), Federal Rules of Civil Procedure. The defendant, Anthony M. Frank, has filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure or, alternatively, for summary judgment pursuant to Rule 56(b) and (c), Federal Rules of Civil Procedure. Having considered the motions, the responses, the exhibits, affidavits, and other submissions, the court is persuaded to grant, in part, and deny in part, plaintiff's motion. The court also is persuaded to grant in part, and deny in part, defendant's motion.

### PARTIES AND JURISDICTION

Plaintiff Billy Lynch is a black male applicant for a position in the Edwards, Mississippi, office of the United States Postal Service (hereinafter "Service"). The originally-named defendant, Anthony Frank, is no longer the Postmaster General. Thus, the court substitutes Marvin T. Runyon, the present Postmaster General, as the named defendant to this action pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure.

The court has original, but not exclusive, jurisdiction over all actions brought by or against the Service pursuant to 39 U.S.C. § 409(a) (1988). The court also has jurisdiction of this matter pursuant to 42 U.S.C. § 2000e–16(c) (Supp. III 1991).

### FACTS

Some time before October 1988, plaintiff completed all of the testing required by the Service to become eligible to be considered for certain vacancies within the Service. In November of that year, a vacancy appeared in the Edwards, Mississippi, office for the position of Distribution and Window Clerk, Part Time Flexible, SP2–1, PS–5. Pursuant to Service regulations, the postmaster at the Edwards branch requested a hiring worksheet of all eligible candidates for the vacancy.

A hiring worksheet was issued on or about November 16, 1988, which listed the names of twenty (20) persons eligible for the position. Plaintiff contends that he was ranked first on the worksheet with a rating of 91.30. However, despite his ranking, plaintiff was informed by the postmaster that he had not been selected. Instead, a white female was selected who, purportedly, was ranked sixth on the worksheet with a rating of 85.50.

Aggrieved over his non-selection, plaintiff timely filed a Equal Employment Opportunity (hereinafter "EEO") complaint charging racial and sexual discrimination against the Service. Plaintiff filed this complaint with the Service's Field Division Office in Jackson, Mississippi.

After the complaint was filed, plaintiff and officials from the Service undertook to negotiate a settlement of plaintiff's claim of discrimination. On November 20, 1989, plaintiff and the Service reached a settlement agreement. In exchange for not pursuing his claim, plaintiff executed an agreement with the Service which provided in part the following stipulation:

> It is agreed that the Complainant, BIlly [sic] G. Lynch, will be placed in the first available position in an office comparable to the position in Edwards, Mississippi, for which he was previously considered. The available vacancy will be a Distribution and Window Clerk, Part Time Flexible, SP2–1, PS–5 position with the United States Postal Service at Edwards or within commuting distance of Edwards, Mississippi.

Commuting distance, as used in used in section 438.112 of the Service's "Employee and Labor Relations Manual," is defined as the suburban area surrounding the employee's official duty station and the surrounding fifty-mile radius.

The settlement agreement additionally provided that:

> Should the agency fail to adhere to the stipulations contained in this agreement for any reason not attributable to acts or conduct of the complainant, the U.S. Postal Service shall, upon the complainant's written request, reinstitute the complaint for

further processing ceased under the terms of this agreement.

To date, plaintiff has not been offered a position described in the settlement agreement. As a result, plaintiff now requests that his EEO complaint be reopened.

By letter dated March 22, 1991, the Service informed plaintiff that no vacancies had become available for his position in the Edwards office or any office within commuting distance thereof. However, plaintiff contends that his own investigation shows that approximately ten such vacancies for the position have been posted in offices located within commuting distance of Edwards between January 31, 1991, and December 10, 1991.

Plaintiff petitioned the Equal Employment Opportunity Commission (hereinafter "EEOC") and was granted a right-to-sue letter. On April 24, 1991, he filed a lawsuit in this court alleging that the Service's failure to hire him was a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1988 & Supp. III 1991). The Magistrate Judge ordered plaintiff to obtain private counsel within thirty days or inform the Clerk of Court in writing that he would be proceeding pro se. Plaintiff did not respond to the Magistrate Judge's order nor to this court's order requiring him to comply with the Magistrate Judge's order. As a result, this court dismissed plaintiff's complaint without prejudice on June 28, 1991.

On December 18, 1991, plaintiff, by and through his attorney, again requested that the Service reopen his charge of discrimination because of the Service's alleged continued failure to abide by the terms of the settlement agreement. By letter dated March 26, 1992, the Service's Field Division Office notified plaintiff that neither the Edwards office nor any "EAS–15" office within commuting distance of Edwards had a vacancy for the position plaintiff sought. The letter further stated that the vacancies in offices referenced by plaintiff as having comparable openings were not "level 15 offices" like the Edwards office, but were instead level 18, 20 and 21 offices.[1]

---

1. The referenced "levels" indicate the volume of mail received at a particular mail installation.

On April 27, 1992, plaintiff refiled the subject action, raising three claims: (1) that the Service's continued refusal to hire plaintiff for the position he seeks constitutes ongoing racial discrimination[2] in violation of Title VII; (2) that the Service's refusal to hire plaintiff for the position he seeks constitutes retaliation and reprisal for his filing an EEO claim; and (3) that the Service's refusal to hire plaintiff constitutes a violation of the settlement agreement.

Plaintiff contends that he should be granted summary judgment on his Title VII claims on the ground that he has not been placed in any of the several openings which allegedly have become available since he signed the settlement agreement. In the alternative, plaintiff requests that he be permitted to resume prosecution of his EEO complaint against the Service.

Defendant, on the other hand, asks this court to dismiss this action, asserting that plaintiff has failed to exhaust his administrative remedies and that plaintiff may not pursue both a contract action and a Title VII action simultaneously. In the alternative, defendant seeks summary judgment on the ground that the settlement agreement has not been breached because no vacancy has become available. Defendant maintains that plaintiff will be placed in the position he seeks at the Edwards office or a comparable office within a fifty-mile radius of Edwards as soon as one becomes available.

### DISCUSSION

■ A moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In response to a summary judgment motion, the adverse party must show that there exists a dispute over issues of fact which must be resolved by a fact finder at trial. If the adverse party does not make such a showing,

the moving party is entitled to summary judgment. Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

### A. Plaintiff's Motion

At the center of this controversy is the language of the settlement agreement. The relevant portion of the agreement has been reproduced previously. The sentence which is the focus of sharpest contention states that plaintiff "will be placed in the first available position in an office comparable to the position in Edwards, Mississippi, for which he was previously considered." The defendant interprets this language to mean that the Service only agreed to hire plaintiff at an office comparable in size to the Edwards office, a level–15 office. Thus, argues defendant, since no other level–15 office within a fifty-mile radius of the Edwards office has had a vacancy available, the Service has not breached the terms of its settlement agreement. Apparently, the defendant does not deny plaintiff's claim that, since the signing of the settlement agreement, the Service has advertised openings for the position he seeks in level 18, 20, and 21 offices within a fifty-mile radius of Edwards. *See* Def. Answer ¶ 17; Def.Am. Answer ¶ 17.

It is difficult to square defendant's interpretation of the settlement agreement with canons of syntax and plain construction. The word "position" as used in the above-quoted sentence refers to the Distribution and Window Clerk position desired by plaintiff. The word "office" as used in the sentence and the briefs of the parties refers to a post office of the United States Postal Service. The word "comparable" modifies the word "position," not the word "office" as urged by the defendant. Defendant's interpretation would have the sentence read "the first available position in an office comparable to the *office* in Edwards, Mississippi...." This is not the wording of the sentence, nor its meaning.

---

The higher the level number, the larger the volume of mail received there, and, presumably, the increased employees and work hours needed to handle the volume.

**2.** Plaintiff has abandoned his claim of sexual discrimination raised in his EEO complaint.

The proper, reasoned reading of the sentence is that the Service agrees to place the plaintiff in the first available Distribution and Window Clerk position or any comparable position that becomes available at the Edwards office or any other office within commuting distance of Edwards.

In interpreting the settlement agreement, the court acknowledges that the language employed is not a model of draftsmanship. Nonetheless, the court finds no ambiguity. *See McDaniel v. Anheuser–Busch, Inc.*, 987 F.2d 298, 302 (5th Cir.1993) (holding that the determination of whether a contract is ambiguous is one of law); *Southern Natural Gas Co. v. Pursue Energy*, 781 F.2d 1079, 1081 (5th Cir.1986) (holding that interpretation of an unambiguous contract is a matter of law). The existence of a dispute over the correct interpretation of a contract or whether the language is open to just one reasonable interpretation does not transform the issue of law into an issue of fact. *D.E.W., Inc. v. Local 93, Laborers' Int'l Union*, 957 F.2d 196, 199 (5th Cir.1992). "If the agreement is worded so that this Court can ascertain a certain or definite meaning, it is not ambiguous." *Childers v. Pumping Sys., Inc.*, 968 F.2d 565, 569 (5th Cir.1992).

The court finds as a matter of law that defendant has breached the terms of its settlement agreement with plaintiff. Therefore, the court hereby sets aside the settlement agreement and permits plaintiff to pursue his EEO complaint against the Service as stipulated in the settlement agreement.

In so ruling, however, the court has granted plaintiff relief only as to the contract claim. Plaintiff's claim for retaliation was not raised in his EEO complaint and may not be considered here. The law of our Circuit is clear: plaintiff must exhaust his administrative remedies before instituting a Title VII action in federal court. *See Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir.1981); *Hoffman v. Boeing*, 596 F.2d 683, 686 (5th Cir.1979).

Similarly, the court does not address plaintiff's remaining Title VII claim that the Service's continued refusal to hire him constitutes ongoing racial discrimination. If plaintiff has a viable Title VII claim, he should seek to exhaust his administrative remedies, then, thereafter, present the issue at court. Therefore, the court denies plaintiff's motion for summary judgment on the Title VII claim.

### B. Defendant's Motion

The foregoing discussion eliminates much of the need to discuss defendant's argument in support of his motion. The court has found that the retaliation claim has not been exhausted. Thus, the court hereby dismisses plaintiff's retaliation claim because it was not raised in the EEO complaint. However, the court denies defendant's motion for summary judgment on the issue of breach of contract. The court remains unpersuaded by defendant's argument that he is not in breach of the settlement agreement.

### *CONCLUSION*

For the foregoing reasons, the court hereby sets aside the settlement agreement and permits plaintiff to pursue his EEO complaint. Furthermore, the court hereby dismisses plaintiff's claims of retaliation and ongoing discrimination alleged under Title VII as unexhausted. A separate judgment will be entered in accordance with the Local Rules of this court.

**SO ORDERED AND ADJUDGED.**