**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3398
_____

JOHN B. JEAN-PIERRE,
                              Appellant
v.

ANGELA SCHWERS, VP of Human Resources;
PEARSON EDUCATION

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-15-cv-07288)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 3, 2017

Before: AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: March 6, 2017)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant John Jean-Pierre appeals from the District Court's order granting

Defendants' motion to dismiss his complaint filed under Title VII of the Civil Rights Act

of 1964. We will affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Jean-Pierre initiated this action in 2015 against Pearson Education (Pearson) and one of its officers, alleging race-based employment discrimination in violation of Title VII. He alleged that "[o]n August 22, 2013, [he] was singled out for an investigation conducted by the New Jersey State Police at the request of Defendants . . . on the property,"[1] and claimed, without further elaboration, that unspecified discriminatory acts continued beyond this date. He did not allege any facts regarding Pearson's motivation for initiating the investigation, beyond its apparent belief that goods were missing. He filed a charge of discrimination with the Equal Employment Opportunity Commission on June 12, 2015, and filed this action shortly after receiving a right-to-sue letter.[2]

Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing, among other things, that Jean-Pierre failed to properly exhaust his administrative remedies because he filed his charge with the EEOC more than 300 days after the last act of discrimination. Jean-Pierre filed an affidavit in response, providing slightly more information about the circumstances surrounding the investigation, but otherwise failing to identify any discrete act of discrimination beyond the August 2013 investigation alleged in his complaint. The District Court granted Defendants' motion by

---

[1] It appears, based on an affidavit he filed in response to Defendants' motion to dismiss, that he worked in the shipping department for Pearson, and was investigated regarding theft of unspecified goods.

[2] The EEOC issued him a right to sue letter in July 2015 after an investigation failed to establish any violation.

order entered on July 22, 2016, concluding that Jean-Pierre failed to file his administrative complaint with the EEOC within 300 days. This timely appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under Rule 12(b)(6), see W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010), and ask whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In New Jersey, before a plaintiff may bring an action under Title VII, he must first file a charge with the EEOC within 300 days of the alleged unlawful employment action. See 42 U.S.C. § 2000e–5(e)(1); Cardenas v. Massey, 269 F.3d 251, 255 n.2 (3d Cir. 2001). This "timely filing of an administrative complaint is a condition precedent to bringing a discrimination suit under Title VII," Hoffman v. Boeing, 596 F.2d 683, 685 (5th Cir. 1979), governed by Federal Rule of Civil Procedure 9(c), which requires that a plaintiff "allege generally that all conditions precedent have occurred or been performed." It appears that Jean-Pierre satisfied this modest pleading standard—by indicating in an affidavit filed in response to Defendants' motion to dismiss that he "filed [a charge] with the . . . EEOC within the time frame allowed."[3] The District Court

---

[3] In Hildebrand v. Allegheny Cty., 757 F.3d 99, 111 (3d Cir. 2014), we concluded that a substantially similar allegation—"[a]ll conditions precedent to jurisdiction under section 706 of Title VII, have occurred or been complied with"—satisfied Rule 9(c)'s pleading

3

nonetheless properly dismissed his complaint because it failed to state a plausible claim to relief.

To state a prima facie claim of employment discrimination under Title VII, a plaintiff must allege: (1) membership in a protected class; (2) qualification for the position sought to be retained or attained; (3) an adverse employment action; and (4) that "the action occurred under circumstances that could give rise to an inference of intentional discrimination." Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008).

To survive Defendants' motion to dismiss, Jean-Pierre was required to plead facts that would plausibly support the inference that Pearson requested the police to investigate him because of his race. See Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This he did not do. Indeed, he did not allege *any* facts regarding Pearson's motivation for initiating the investigation—beyond its apparent belief that goods were missing—let alone facts that could support "an inference of intentional discrimination." Makky, 541 F.3d at 214. Nor did he describe an adverse employment action taken by Pearson in connection with the investigation or his allegations of unspecified continuing discriminatory acts. He did not describe the continuing incidents, let alone plead facts that could support the inference that they constituted an adverse employment action for purposes of Title VII.

---

requirement. We thus do not reach Jean-Pierre's argument that the "District Court should have used its discretion to apply the doctrine of equitable tolling," which he asserted for the first time on appeal.

4

Finally, Jean-Pierre argues that the District Court should have afforded him an opportunity to amend his complaint before dismissing it with prejudice. In § 1983 cases "district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). We have not decided whether this "amendment rule" applies to Title VII actions, and we need not so decide in this case, because it is clear that amendment would have been futile; Jean-Pierre was either unwilling or unable to file a complaint that would state a claim upon which relief could be granted. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178-79 (3d Cir. 2010).

Jean-Pierre had an opportunity to file a sufficiently specific complaint after Defendants filed their motion to dismiss on December 4, 2015, but instead of amending in any meaningful way to address the deficiencies, he filed an affidavit that—like his complaint—lacked the requisite degree of specificity. He also could have sought leave to amend in the next seven months before the District Court granted Defendant's motion, but did not do so. Even on appeal—when he claimed for the first time that the District Court should have permitted him to amend—he failed to identify what facts he would have alleged if given the opportunity. In short, if he "had knowledge of facts that would cure the defects in [his] complaint, [he] should have asserted them before now." Fletcher-Harlee Corp, 482 F.3d at 253. We will affirm the judgment of the District Court.